UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODNEY HERMANSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CENTURY NATIONAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 2:19-cv-00656-RFB-EJY<br><br>ORDER |

## I.     INTRODUCTION

Before the Court is Defendant and Counterclaimant Century National Insurance Company's Motion ("Century National") for Reconsideration (ECF No. 105). For the reasons stated below, the Court grants the Motion for Reconsideration in part and denies it in part and denies the Motion for Leave to file Supplemental Authority (ECF No. 114).

## II.    BACKGROUND

On March 21, 2019, Plaintiff Rodney Hermanson ("Mr. Hermanson") filed a complaint against Century National in the Eighth Judicial Court of Clark County, Nevada. Century National removed the matter to this Court on April 16, 2019. ECF No. 1-2. Mr. Hermanson amended his Complaint on May 3, 2019 and on March 11, 2020. ECF Nos. 9, 50. Mr. Hermanson alleged in his Complaint that Century National violated its duty to defend and had a resulting duty to indemnify him in the wrongful death lawsuit brought by his son-in-law following the tragic death of his grandson, Seth Franz. ECF No. 50. He also alleged that Century National had violated Nevada's Unfair Claim Practices Act and the implied covenant of good faith and fair dealing. Id.

/ / /

1 | Century National filed its Answer on March 23, 2020, and raised a counterclaim against Mr. Hermanson, seeking declaratory relief. ECF No. 58.

At the close of discovery, Century National filed a Motion for Summary Judgment (ECF No. 80) and a Motion for Declaratory Relief (ECF No. 81). Mr. Hermanson filed a Motion for Partial Summary Judgment. ECF No. 84. After the motions were briefed, the Court held a hearing on September 17, 2021, and took the motions under submission. ECF No. 94. On September 30, 2021, the Court issued an order denying Century's Motion for Declaratory Relief, granting Mr. Hermanson's motion for Partial Summary Judgment, and granting in prat and denying in part Century National's motion for Summary Judgment. ECF No. 95. The Court set a status conference for the case. Id. Prior to the status conference, Century National filed a Motion for Clarification of the Court's September 30, 2021 Order. ECF No. 99. The Court held a status conference on November 19, 2021. ECF No. 104. At the status conference, the Court granted Century National's Motion for Clarification, clarified its prior ruling, and gave Century National leave to file a Motion for Reconsideration. ECF No. 104. On December 5, 2021, Century National filed the instant Motion for Reconsideration. ECF No. 105. On December 6, 2021, Mr. Hermanson filed a "Brief on the Issue of Damages" relating to the Court's prior Order (ECF No. 95). ECF No. 106. On December 15, 2021, Century National filed its Response to Mr. Hermanson's brief. ECF No. 197. On December 20, 2021, Mr. Hermanson filed his Response to Century National's Motion for Reconsideration. On December 27, 2021, Century National filed its Reply to Mr. Hermanson's Response. ECF No. 109. On January 3, 2022, Mr. Hermanson filed his Reply to Century National's Response to his brief. ECF No. 110. This Order follows.

### III.   LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks

/ / /

2

omitted). The moving party "must state with particularity the points of law or fact that the court has overlooked or misunderstood." Local Rule 59-1.

A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within 28 days of entry of judgment. "Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892 (9th Cir. 2001); Herron v. Wells Fargo Fin. Inc., 299 Fed. Appx. 713 (9th Cir. 2008).

Rule 60(b), in sharp contrast with Rule 59, offers courts many reasons to amend or alter judgment in a given case. Specifically, the court may grant a motion brought pursuant to Rule 60(b) if it finds any of the following present: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

The broad grounds for relief in Rule 60(b)(6) does not serve as a catch-all; the Supreme Court and the Ninth Circuit have restricted its use to extraordinary circumstances. See, e.g., Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) ("[The] Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.").

IV.     DISCUSSION

In its September 30, 2021 Order, the Court held that (1) Century National had a duty to defend Mr. Hermanson the wrongful death lawsuit and it breached that duty; (2) Century National had a duty to indemnify Mr. Hermanson; (3) Century National, in breaching its duty to defend Mr. Hermanson, acted in bad faith, but did not act in bad faith as to its duty to indemnify (4) Century

3

National did not violate NRS § 686A.310(d) (failure to promptly communicate its coverage decision) as a matter of law but a jury could reasonably find that it violated NRS § 686A.310(c) (failure to adopt and implement reasonable policies in making coverage decision). ECF No. 95.

Century National seeks reconsideration of some, but not all, of these holdings. The Court analyzes each of these requests in turn.

**A. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Under Nevada law, every contract contains the implied covenant of good faith and fair dealing. K Mart Corp. v. Ponsock, 732 P.2d 1364, 1370 (Nev. 1987). A party may bring a bad-faith tort claim if the covenant is violated. United States Fidelity v. Peterson, 540 P.2d 1070, 1071 (Nev. 1975). Normally, Courts do not find bad faith when there is a reasonable dispute about whether there is coverage and what exactly is covered by the policy. Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001) (internal citations and quotation marks omitted) (explaining the general dispute doctrine).

However, Nevada law is very clear that in the face of coverage ambiguities, which necessarily include reasonable or genuine coverage disputes, insurers must exercise their duty to defend. United Nat'l Ins. Co. v. Frontier Ins. Co., 99 P.3d 1153, 1158 (Nev. 2004). Thus, the "general dispute" rule applies slightly differently in this context. See, e.g., Jacobs v. Liberty Surplus Ins. Corp, 3:21-cv-01687-WHO, 2021 U.S. Dist. LEXIS 177689 at *25 (N.D. Cal., Sep. 17, 2021) ("The only argument [Defendant] offers is that bad faith cannot exist when there is a genuine dispute—the general rule. But, as explained, that rule is flipped on its head by the particular nature of the duty to defend."). In its September 30, 2021 Order, the Court held that because Century National breached its duty to defend and its duty to indemnify Mr. Hermanson, it could decide, as a matter of law, whether Century National had acted in bad faith in breaching its duty to defend.

Century National argues the Court should reconsider its ruling finding bad faith as a matter of law because the Court applied the wrong legal standard in reaching its decision. Furthermore, Century National raised an affirmative defense to the allegation of bad faith (reliance on advice of counsel) that the Court did not address. Mr. Hermanson argues that Century National's argument

is disingenuous for two reasons. First, the Court made the same assumptions as Century National in finding insurer bad faith could be decided as a matter of law where no material facts are in dispute. Second, the Court applied the same cases Century National cited to in its briefs.

### a. Application of legal standard

The Court did not apply the wrong legal standard in its September 30, 2021 Order. The Court set forth the general requirements for bringing a claim of tortious breach of the covenant of good faith and fair dealing and outlined the particular legal standard in the insurance context, specifically that "[b]ad faith claims involve an actual or implied awareness of the absence of a reasonable basis for denying the benefits of the policy. American Excess Ins. Co. v. MGM Grand Hotels, 729 P.2d 1352, 1354-355 (Nev. 1986)." ECF No. 95. The Court's order essentially found that there was no reasonable basis to not defend, considering the sweeping and clear Nevada Supreme Court precedent. Id. Here, Century National had knowledge that it was breaching its duty to defend when it learned of the coverage ambiguity, under Nevada law. United Nat'l Ins. Co. v. Frontier Ins. Co., 99 P.3d 1153, 1158 (Nev. 2004).

### b. Defendant's affirmative defense

The Court did not acknowledge in its initial ruling, however, that Century National's Answer contained an affirmative defense (reliance on counsel). There is no clear standard under Nevada Law as to how this Court should evaluate the affirmative defense in this context. When Nevada law is silent on an issue, especially in the insurance context, Courts consult California law for persuasive authority. See Commercial Standard Ins. Co. v. Tab Constr., Inc., 583 P.2d 449, 451 (Nev. 1978).

Under California law, reliance on counsel may be an affirmative defense in an insurance dispute so long as certain factors are satisfied. An insurer seeking to raise this defense must show that it made a full disclosure of the facts to counsel, that it actually relied upon counsel's advice, and that it did not have reason to know that the action recommended by counsel was improper. State Farm Mut. Auto. Ins. Co. v. Superior Court, 279 Cal. Rptr. 116, 117 (Ct. App. 1991) ("An insurer may defend itself against allegations of bad faith and malice in claims handling with evidence the insurer relied on the advice of competent counsel.") (internal citations omitted);

Melorich Builders, Inc. v. Superior Court, 207 Cal. Rptr. 47, 50 (Ct. App. 1984) (listing the elements of reliance on advice of counsel as a defense to claim for intentional infliction of emotional distress); see also Aetna Casualty & Surety Co. v. Superior Court, 200 Cal. Rptr. 471, 475 (Ct. App. 1984) (holding that for an insurance bad faith claim, to use this defense, insurer must rely on advice of counsel, not just seek it out).

The Court finds that there is a dispute of material fact as to these factors. The Court further finds that whether Century National could reasonably rely on outside counsel's advice that there was no duty to defend in the present circumstances, where Mr. Hermanson's counsel provided extrinsic evidence of coverage ambiguity, is a question for the jury. The Court therefore vacates its prior holding that Century National acted in bad faith as a matter of law when it breached its duty to defend.

**B. Damages**

In its September 30, 2021 Order, the Court held that the issues of damages arising out of Century National's breach of its duty to defend Mr. Hermanson would go to a jury, both for compensatory and punitive damages, which are governed by different standards. ECF No. 95. The parties have partly briefed the issue of damages, including the total cost of the defense. See ECF Nos. 106, 107, 110. Century National seeks reconsideration of the Court's ruling because it argues that the jury should first determine whether there are damages to begin with, a threshold question that Mr. Hermanson must first address at trial. Century National argues that Courts in other jurisdictions do not allow an insured to recover the costs of its defense where those costs were endured by another company or entity or person. Therefore, Mr. Hermanson should not be able to collect for attorney's fees that it did not pay. Century National further argues that Mr. Hermanson has the burden of proving damages at trial, and it should have the opportunity to prove that Mr. Hermanson suffered no damages as a result of the breach. Mr. Hermanson does not respond to Century National's arguments in this section but does generally state that Century National is rearguing its Motion for Summary Judgment. Century National counters that Mr. Hermanson, by failing to specifically respond to its argument on this claim, has cosigned Century National's argument.

The Court will not disturb its finding that Mr. Hermanson has proved the existence of damages arising out of Century National's breach of the duty to defend. It will be up to the jury to determine the *scope* of Mr. Hermanson's damages, and that will turn in part on the jury's decision on Mr. Hermanson's bad faith claim. Century National's main argument relies on holdings from courts of other jurisdictions, which are not persuasive or binding on this Court; it does not cite any binding precedent that requires this Court to conclude as a matter of law that Mr. Hermanson may not collect attorney's fees from the wrongful death action as damages in this case. The Nevada Supreme Court, however, broadly defines damages that an insured may collect after the insurer breaches its duty to defend. See Century Sur. Co., 432 P.3d at 186 (adopting the "minority view [] that damages for a breach of the duty to defend are not automatically limited to the amount of the policy; instead, the damages awarded depend on the facts of each case."). Thus, "an insured may recover any damages consequential to the insurer's breach of its duty to defend. As a result, an insurer's liability for the breach of the duty to defend is not capped at the policy limits, even in the absence of bad faith" and "[t]he determination of the insurer's liability depends on the unique facts of each case and is one that is left to the jury's determination."

### C. Unfair Claims Practices Act

Mr. Hermanson alleged two distinct violations of Nevada's Unfair Claims Practices Act (UCPA): that Century National failed to communicate its coverage decision to Mr. Hermanson pursuant to NRS 310(d) and that Century National failed to maintain "reasonable policies" under NRS § 686A.310(c). In its September 30, 2021 Order, the Court dismissed Mr. Hermanson's claim under NRS § 686A.310(d) as a matter of law, but determined that there were disputes of material fact about Century National's policies sand whether they were "reasonable" pursuant to NRS § 686A.310(c). ECF No. 95.

Century National argues that the Court should have decided the latter issue as a matter of law in its favor under two canons of statutory construction.

First, NRS § 686A.310(c) is about reasonable standards for *prompt* decision-making. Under the "series qualifier canon" when there is a parallel construction that involves all nouns or verbs in a series, the prepositive modifier normally applies to the entire series. Applying the "series

1  qualifier canon" to this statutory provision, the statute requires the company to produce reasonable standards requiring a prompt investigation and prompt processing of claims.

Second, when analyzed within NRS § 686A.310 generally, the standard that subsection (c) articulates relates to "promptness."  Subsection (b) requires "reasonable promptness" in making a decision.  Subsection (d) requires a final decision within a reasonable "period of time" Subsection (e) requires prompt, fair and equitable settlements of claims that are reasonably clear.  Century National argues that since the Court found that it issued a timely coverage decision, the Court should deny Mr. Hermanson's NRS § 686A.310(c) claim as a matter of law.

Mr. Hermanson does not respond to these specific arguments but does argue that Century National is rearguing its Motion for Summary Judgment. Century National counters that Mr. Hermanson, by failing to specifically respond to its argument on this claim, has cosigned Century National argument.

Although Century National makes a spirited argument that various canons of construction require this Court to limit § 686A.310(c), other Courts in this District have not reached that conclusion. See, e.g., Hall v. Liberty Mut. Gen. Ins. Co., 2:16-cv-00117-MMD-PAL, 2017 U.S. Dist. LEXIS 160773 at \*\*21-22 (D. Nev. Sep. 29 2017) (noting that the defendant's "ever changing and inconsistent requests for information" was relevant to the 686A.310(1)(c) claim); Contreras v. Am. Family Mut. Ins. Co., 135 F.Supp. 3d 1208, 1226 (D. Nev. 2015) (finding that a plaintiff could show, for example, failure to adopt procedures to investigate the loss of a material piece of evidence, to bring an NRS § 686A.310(1)(c) claim); Pribyl v. Allstate Ins. Co., 2:17-cv-2068 JCM (VCF), 2018 U.S. Dist. LEXIS 145918 at \*\* 14-15 (Aug. 27, 2018) ("Pribyl alleges details that support her claims that Allstate did not act reasonably promptly, did not have reasonable standards for resolving claims, and did not make a reasonable settlement offer. These allegations are sufficient to plead a violation of the Unfair Claims Practices Act.").

These decisions are persuasive, rather than binding, on the Court. However, as the Nevada Supreme Court has not narrowed the scope of this provision, the Court sees no need to do that now. Therefore, the Court denies Century National's Motion for Reconsideration as to Mr. Hermanson's remaining UCPA claim.

## V. MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITIES

On February 15, 2023, Century National filed a Motion for Leave to File Document attached to which it lists points and authorities that it considers "persuasive or helpful." ECF No. 114.

The Local Rules require the parties to obtain leave of the Court before filing any supplemental briefs; surreplies are not permitted without leave of the court. L-R 7-2(g). The Court may grant leave to file supplemental authority "for good cause" found. Id. "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP, 526 F. Supp. 3d 805, 812 (D. Nev. Mar. 17, 2021). Century National argues that the additional information and authorities set forth in its supplemental filing, "[w]hile not controlling or precedential, . . . are particularly persuasive or particularly helpful. They are helpful because they address the issues argued by [Century National] in its Motion for Reconsideration." ECF No. 114 at 3. The Court finds that these decisions, most of which are from this Court, are not particularly helpful to as they do not address the factual scenario here. In large part they are used to buttress Century National's arguments in its Motion for Reconsideration.

Unlike insurance cases where the insured and insurer dispute the value of the claim, Mr. Hermanson's bad faith claim turns on when, how, and to what degree Century National relied on the advice of its counsel in failing to defend Mr. Hermanson despite being aware of a coverage ambiguity, which automatically triggers the duty to defend under Nevada Law. Separately, as this Court has already noted, insurers may not construe the genuine dispute doctrine as a means of cosigning *every* monetary coverage dispute. Hendrix v. Progressive Direct Ins. Co., Case No. 2-20-cv-01856-RFB-EJY, 2023 U.S. Dist. LEXIS 49312 at **11-12 (D. Nev. Mar. 22, 2023) ("[T]his doctrine has not been adopted by Nevada in the formulation articulated by Defendant . . . . to adopt such a rule would incentivize insurance companies to encourage their employees, adjusters, and experts to routinely undervalue claims in their formal offers knowing that so long

///

as the valuation was not absurd on its face, the company could later obtain dismissal of any lawsuit pursuant to the doctrine.").

For these reasons, the Court denies the Motion for Leave to File Supplemental Authority.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Century National's Motion for Reconsideration (ECF No. 105) is GRANTED IN PART and DENIED IN PART consistent with this Order.

**IT IS FURTHER ORDERED** that Century National's Motion for Leave to File Supplemental Authorities (ECF No. 114) is DENIED.

**IT IS FURTHER ORDERED** that the Parties have three weeks from the date of this order to file a Proposed Joint Pretrial Order.

DATED: March 31, 2023.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**